WILLIAM H. CROCKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12365.   Promulgated November 14, 1928.

*Leon de Fremery, Esq.*, for the petitioner.
*Granville S. Borden, Esq.*, for the respondent.

OPINION.

MARQUETTE: The sole question presented for our decision is this: Can the petitioner deduct the full amount of a debt, ascertained to be worthless and charged off in 1921, although that debt arose prior to March 1, 1913?

The facts as above set forth bring this case squarely within the scope of the decision of the Court of Appeals of the District of Columbia in *Ayer* v. *Commissioner*, 26 Fed. (2d) 547. In that case the court held that section 214 (a) (7) of the Revenue Act of 1918, which allows as deductions from gross income " debts ascertained to be worthless and charged off within the taxable year," does not apply to debts which had accrued prior to March 1, 1913; but that, as to such debts, the governing section of the Revenue Act is 202 (a) (1), which reads:

That for the purpose of ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, the basis shall be—

(1) In the case of property acquired before March 1, 1913, the fair market price or value of such property as of that date; * * *

The Revenue Act of 1921, which controls the present proceeding, is identical with the 1918 Act, as respects worthless debts; with reference to the basis for determining profit or loss from the sale or other disposition of property acquired before March 1, 1913, the 1921 Act provides that the cost of such property shall be the basis; but it also provides, section 202 (b) (2):

If its fair market price or value as of March 1, 1913, is lower than such basis, the deductible loss is the excess of the fair market value as of March 1, 1913, over the amount realized therefor; * * *

The present petitioner has not produced any evidence to show the fair market value of the Oil Company's notes held by him, as of March 1, 1913; instead, he has stipulated, in effect, that those notes had no March 1, 1913, value greater than the total amounts paid to him by the Oil Company between that date and the time of the company's liquidation in 1921.

In view of this stipulation and of the decision of the Court of Appeals above cited, we must hold that the respondent's determination be allowed to stand.

Reviewed by the Board.

*Judgment will be entered for the respondent.*